Opinión concurrente emitida por la
Jueza Asociada Señora Pabón Charneco.
Concurro con la opinión mayoritaria, respecto a la determinación de que la indemnización condicionada a un “Acuerdo de Relevo” aceptada por el recurrido, Francisco J. Orsini García, no es tributable por tener como finalidad reparar el daño ocasionado a éste por la pérdida de su empleo. Empero, opino que la presunción estatutaria de que todo despido se presume injustificado no es el fundamento para que tal indemnización esté exenta de retención en el origen, sino que está exenta por no constituir un salario sujeto a retención, según dispuesto en la Ley Núm. 120 de 31 de octubre de 1994 (13 L.P.R.A. see. 8006 et seq.), según enmendada, conocida como “Código de Rentas Internas de Puerto Rico de 1994”.(1) Además, es mi contención que la presunción en cuestión solamente se activa contra el patrono en una causa de acción en la cual se reclamen los beneficios de la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a et seq.).
*654 I
Ciertamente las presunciones son reglas de inferencia dirigidas al juzgador y no son evidencia. E. Chiesa, Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico y federales, San Juan, Pubs. JTS, 1998, T. II, pág. 1087. Tienen como efecto modificar el peso de la prueba y la obligación de persuadir. Id., pág. 1088.
En el ámbito laboral, el Art. 11(a) de la Ley Núm. 80 (29 L.P.R.A. sec. 185k) establece la presunción de despido sin justa causa al proveer, en lo pertinente, que:
En toda acción entablada por un empleado reclamando los beneficios dispuestos por las secs. 185a a 185m de este título, el patrono vendrá obligado a alegar, en su contestación a la demanda, los hechos que dieron origen al despido y probar que el mismo estuvo justificado para quedar eximido de cumplir con lo establecido en la sec. 185a et seq. de este título.
Esta presunción ha sido estudiada por este Tribunal en distintas ocasiones y, al respecto, hemos expresado que ordena “que en toda acción entablada por un empleado reclamando los beneficios de mesada e indemnización progresiva por despido ilegal, el patrono vendrá obligado a alegar en su contestación a la demanda, los hechos que dieron origen al despido y probar que el mismo estuvo justificado para quedar eximido de satisfacer la indemnización”. (Enfasis suplido.) Srio. del Trabajo v. I.T.T., 108 D.P.R. 536, 546 esc. 6 (1979). Por lo tanto, es mi contención que la presunción en cuestión solamente se activa contra el patrono en una causa de acción en la cual se reclamen los beneficios de la Ley Núm. 80, supra, situación que no se presentó en el caso de autos.
No obstante, la indemnización condicionada a un “Acuerdo de Relevo” que incluye la suma requerida conforme a la fórmula establecida por la Ley Núm. 80, supra, satisface el derecho del empleado a la mesada —que éste podría tener de recaer una sentencia a su favor en un pro *655 ceso judicial— en cumplimiento de los objetivos de la Ley Núm. 80, supra, sólo que según la promesa de que el empleado no presente posteriormente esta controversia.
II
Por otro lado, la Ley Núm. 120, supra, obliga a los patronos a retener la contribución en el origen del salario. Esta define salario como “toda remuneración por servicios prestados por un empleado para su patrono, y toda remuneración en concepto de pensión por servicios prestados, incluyendo el valor en dinero de toda remuneración pagada por cualquier medio que no sea dinero”. (Enfasis suplido.) 13 L.P.R.A. see. 8541. A su vez, esta sección excluye del término salario la remuneración de ciertos servicios prestados.(2) La lista de remuneraciones exentas incluye también aquella suma pagada “por concepto de indemnización en caso de despidos en que no haya mediado justa causa, según se dispone en las secs. 185a et seq. del Título 29, según enmendadas”. 13 L.P.R.A. sec. 8541(a)(1)(G).
La opinión mayoritaria apunta que la exención expresa respecto a la retención en el origen en la citada Ley Núm. 120 de las indemnizaciones pagadas mediante la Ley Núm. 80, supra, complementan y armonizan esta última ley. De esta forma se disipa cualquier duda de que éstas están exentas del descuento de nómina.
No obstante, al acudir a la definición del término “salario” dispuesto en la Ley Núm. 120, supra, la definición ex- *656 cluye, por sí sola, la indemnización por los daños sufridos por el despido, sea contractual o legal, puesto que no podrá considerarse como una remuneración por los servicios prestados ni sustituto del sueldo a efectos de retención en el origen.(3)
Respecto a los fundamentos por los que las indemnizaciones por un despido —producto de una reclamación judicial o de una transacción extrajudicial— están exentas del pago de contribuciones, concordamos enteramente con lo determinado en la opinión mayoritaria.
III
Por los argumentos expresados, concurro con el resultado de la opinión mayoritaria en el caso de autos.

 13 L.P.R.A. sec. 8541.

 “La remuneración por servicios prestados por un empleado a su patrono no constituye salarios para los fines de la retención si la misma está específicamente excluida como salarios bajo cualesquiera de los incisos bajo la Sección 1141(a)(1) del Código. La remuneración así excluida no constituye salarios para los fines de la retención, aunque la misma se pague por servicios prestados en Puerto Rico, promulgado al amparo de la Sección 6130 del Código que faculta al Secretario de Hacienda a adoptar los Reglamentos necesarios para poner en vigor dicho Código.” Reglamento para Implantar las Disposiciones de la Sección 1141 de la Ley Núm. 120 de 31 de octubre de 1994, según enmendada, conocida como “Código de Rentas Internas”, Reglamento Núm. 6248, Departamento de Estado, 22 de diciembre de 2000, págs. 7-8.

 Puesto que las tres modalidades indemnizatorias del despido discutidas en la opinión mayoritaria tienen la misma finalidad de reparar el daño provocado por la pérdida del empleo, cabe por lo tanto el mismo razonamiento aplicado en Alvira v. SK & F Laboratories Co., 142 D.P.R. 803 (1997). En este caso expresamos que una indemnización por daños causados por un despido injustificado no está sujeta a descuento de nómina alguno, ya que no equivale una remuneración o salarios por servicios prestados ni constituye un sustituto del sueldo.